Per curiam

It is not necessary to make up the special, case ; this action was formerly brought by the administrator of the husband, and determined by two Judges to have been improperly brought for that very reason_ One of the court now' present, on hearing this matter first moved, was inclined to think the action should have been in the name of the administraior of the hm-band, but upon further consideration, he is conv irir.ed of his mistake; and it was occasioned by not distinguí- ing between th> right of property, and tilt, right of ae inn. It is a true position, that the property of this negro was *318 vested in tbe representative of tin husband, in the man er ns a legacy is vested in tbe legatee, or a distributive sitare in one of the next of kin,.who if he dies will trau-mit his share to his representative — in this case the husband was entitled as next of kin, and not ás husband, and by his death hails transmitted the right lie. had to his repi-esentame — that was only a right to demand the negro of the administrator of the wife after debts ¡aid— No person is entitled to receive this negro in the first, instance,but only as administrator of the w iff, to the end that her property in the bands of her administrator may be subjpcr to the payment of all just debts contract* d by her duni sola — the hesband was indeed entitle*' ¡o h- is ;• ad-mini"!. at'*r, but l*e did not apply : another might be appointed- who will be a trustee for the husband as to all that part of she wife’s ohoses in action, that such administrator shall recover or get in above what will satisfy her debts. This administrator is entitled in the first place to the possession of all her dioses in action, and is accountable to the husband, or the representatives of the husband’, in the same manner as he would be accountable in other intestacies to a distributive sharer and his representatives — -so it would In* of no use to snake up this special case, all the Judges of the State being of this opinion — the other Judges now upon the other circuit, having decided this very case before; and the tw'o now present, being of the same opinion. So *hePlaintiff bud judgment. The court relied upon Co. Litt. 351. H. B. Re. 538.
Note.— Vide Toller’s Law of Executors, 116 & 217, where it is ssid that .¡though it was formerly held that if the husband-dieis before taking’ out administration upon his deceased wife’s choses in action, his representativo will b*. entitled to administer them, yet, it is now established that her next of kin in such case is enlitb-d to the administration, bul he will h. accountable to the husband’s representative for the resume of the property after payment of debts &c. 1 P. Williams 382. Har & But. Co. Litt 351, a. note 1. 4 Burn. Eccl. Law, 235. See also Neale’s Adm’r. v. Haddock, Con. Rep. 75.